# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0581, <u>Appeal of Robert W. Barry</u>, the court on February 29, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Robert W. Barry, challenges a decision of the New Hampshire Real Estate Commission denying his request for a finding that he has "equivalent experience" regarding two of the qualifications for licensure as a real estate broker. <u>See</u> RSA 331-A:10, II(c)(3), (g) (2017).

By order of November 29, 2022, we accepted the appeal "for the limited purpose of determining whether this court has jurisdiction," and ordered the parties to address the impact of RSA 331-A:28, III (2007) (repealed 2023), on our jurisdiction. After the parties briefed the jurisdictional issue, the legislature repealed RSA 331-A:28 effective September 1, 2023, <u>see</u> Laws 2023, 79:336, XV, and implemented a new administrative appeal process relative to the commission's licensure decisions. <u>See</u> RSA 310:2, II(yy), :14 (Supp. 2023). Accordingly, we ordered the parties to file supplemental memoranda addressing the impact of these legislative changes.

RSA 331-A:10, II sets forth the qualifications for licensure as a real estate broker. The statute provides that the commission shall issue a broker's license to any applicant who, among other things, has met certain employment and experience criteria, or proves to the commission that the applicant has equivalent experience. <u>See</u> RSA 331-A:10, II(c), (g). An applicant claiming to have equivalent experience may, but is not required to, submit an "equivalency packet," detailing the experience claimed to be equivalent prior to applying for licensure. According to the commission, this "is an informal process that applicants may follow <u>in</u> <u>advance</u> of applying for a license."

On March 31, 2022, the petitioner filed an equivalency packet with the commission, in which he requested a finding that he has the experience equivalent to that required by RSA 331-A:10, II(c) and (g). On May 20, 2022, the commission denied the request. On June 14, 2022, the petitioner submitted a second equivalency packet, with additional supporting documentation. On July 18, 2022, the commission again denied his request for a finding of equivalency, this time noting that the petitioner is not prohibited from seeking licensure "other than by equivalent experience." On October 19, 2022, the commission denied the petitioner's motion for

reconsideration, again stating that he may apply for a license by any method other than equivalency. The petitioner has not yet applied for a license.

The parties agree that the administrative appeal processes set forth in RSA 310:14 and the now-repealed RSA 331-A:28, III, do not apply to this appeal because they are limited to the denial of a license application or discipline imposed by the commission, circumstances not present here. The petitioner contends that this court nevertheless has jurisdiction over the appeal under RSA 541:6 (2021) because he filed his appeal within 30 days of the commission's order on his request for rehearing. However, RSA 541:2 (2021) provides that appeals from administrative agencies may be taken under RSA chapter 541 only when authorized by law. Petition of Whitman Operating Co., 174 N.H. 453, 457 (2021); RSA 541:2 (2021). The petitioner has not identified any statute authorizing an appeal under RSA chapter 541 when the commission denies a preliminary request for a finding of equivalency.

Nevertheless, the commission concedes that, by precluding the petitioner from applying for a license on the basis of "equivalent experience," the issue of whether his experience is "equivalent" for purposes of the licensure requirements has become essentially unreviewable, except by writ of certiorari. We consider the petitioner's appeal as a Rule 11 petition for certiorari and conclude that we have jurisdiction to the limited extent that he challenges the commission's decision to preclude him from applying for a broker's license based on his claim of "equivalent experience."

"Our review of an administrative body's decision on a petition for writ of certiorari entails examining whether the administrative body acted illegally with respect to jurisdiction, authority or observance of the law or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously." Petition of Whitman Operating Co., 174 N.H. 453, 459 (2021) (quotation omitted). We agree with the commission's position on appeal that, by stating that the petitioner may only satisfy the licensing requirements "other than by equivalent experience," it erroneously limited the grounds on which he may apply for a license. We reverse its decision to the extent that it precluded the petitioner from applying for a license based on his claim of "equivalent experience."

The petitioner invites us to address the standards by which the commission determines equivalency in order to provide the commission with "guidance." The commission counters that, because the petitioner has not yet applied for a license, and has not been afforded a full adjudicatory hearing on his claims of "equivalent experience," we should decline to address these issues. We note that the petitioner may litigate his issues through an application for a broker's license and, if necessary, an appeal of the denial of his application. See RSA 310:14, III. Accordingly, we decline to address these issues as part of this appeal. See Petition of Whitman Operating Co., 174 N.H.

at 458 (noting that certiorari review "is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court").

Reversed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
